United States District Court
Southern District of Texas
**ENTERED**
December 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| FRANCIS DEMAKPOR, §<br>"Petitioner," §<br>§<br>v. §<br>§ Civil Action No. 1:25-cv-00262<br>PAMELA BONDI, *et al.,* §<br>"Respondents." §<br>§ | |

## ORDER

  Before the Court is Petitioner's "Emergency Motion for Temporary Restraining Order" (Dkt. No. 8) ("TRO"), "Government's Response to Petition for Writ of Habeas Corpus and Motion to Dismiss" (Dkt. No. 15) ("Response"), "Petitioner's Reply to Government's Response to Petition for Habeas Corpus and Motion to Dismiss" (Dkt. No. 18) ("Reply"), and this Court's Order granting the TRO in part (Dkt. No. 22) ("TRO Order"). The temporary restraining order issued in our TRO Order (Dkt. No. 22) is hereby **EXTENDED**.

  **I.**  **BACKGROUND**

  Petitioner is a Ghanaian national who entered the United States without permission on November 21, 2021. Dkt. No. 8-4 at 3. Soon after his entry, the Department of Homeland Security ("DHS") apprehended him and initially placed him in expedited removal proceedings. *Id.* at 4. On December 9, 2021, DHS conditionally released him on an order of recognizance. Dkt. No. 8-5.

  Petitioner lived in the Seattle, Washington area for almost four years after his conditional release. *See* Dkt. No. 8-2 at 3. During that time, he pursued asylum status while continuing to check in with DHS. *See* Dkt. No. 8-6. On August 21, 2025, as Petitioner attended one of these check-ins, he was arrested and detained by DHS. Dkt. No. 8-11. On the same day, his asylum application was dismissed. Dkt. No. 8-7. He now remains detained at the Port Isabel Detention Facility, *see* Dkt. No. 8-18 at 5, and the Government claims 8 U.S.C. § 1225(b)(2) authorizes this detention. Dkt. No. 15 at 13.

## II. LEGAL STANDARD

A party seeking a temporary restraining order or preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

## III. DISCUSSION

The Court has habeas jurisdiction to review the "extent of the Government's detention authority under the 'statutory framework' as a whole," *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). To the extent that Petitioner challenges specific discretionary actions, and not just review of the government's "claim of authority," we decline to consider his challenges because we lack jurisdiction to do so. *Nielsen v. Preap*, 586 U.S. 392, 401 (2019).

Petitioner's challenge to Respondents' use of 8 U.S.C. § 1225(b)(2), however, merits emergency relief.

First, there is a substantial likelihood that Petitioner will succeed on the merits on this point. § 1225(b)(2) states that, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2). This provision is misapplied to Petitioner. He is not seeking *admission*, which is defined by the statute as "lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). The Court finds that because Petitioner already entered the United States in 2021, Dkt. No. 8-4 at 3, he was not seeking admission and is thus not subject to § 1225(b)(2).

The other factors for emergency relief also weigh in favor of Petitioner. Petitioner would continue to suffer irreparable harm from continued detention, which has restricted his physical liberty and strained his health. *See* Dkt. No. 8-18 at 5. The balance of equities and public interest also favor Petitioner. Because Respondents have other statutory authority under which to detain Petitioner, *see, e.g.*, 8 U.S.C. § 1226(a), Respondents can plausibly maintain the status quo with minimal disruption.

### IV.  CONCLUSION

For these reasons, this Court's TRO Order (Dkt. No. 22) is **EXTENDED until January 14, 2026 at 5:00 p.m. CST**.

It is hereby **ORDERED** that Respondents are enjoined from using 8 U.S.C. § 1225(b)(2) against Petitioner, including as a basis for detaining Petitioner, denying him release on bond, or denying him a bond hearing.

Signed on December 31, 2025.

_____
Rolando Olvera
United States District Judge