United States District Court
Southern District of Texas
**ENTERED**
May 07, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCIS D., [1] §
    Petitioner, §
     §
v. §     CIVIL ACTION NO. 1:25-cv-262
     §
PAMELA BONDI, *et al.,* §
*in their official capacities*, §
    Respondents. §

## REPORT AND RECOMMENDATION
## TO GRANT PETITIONER'S HABEAS PETITION IN PART

Before the Court are Petitioner's "Amendment to Petitioner's Petition for Writ of Habeas Corpus" (Dkt. No. 29) ("Petition") and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion to Dismiss" (Dkt. No. 15) ("MTD").

For the reasons stated in the Court's recent order denying temporary injunctive relief, Petitioner's constitutional claims are not viable. Dkt. No. 44. The Supreme Court's cases "establish only that aliens receive constitutional protections when they have come within the territory of the United States *and* developed substantial connections with this country." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (emphasis added). The problem lies in that the first part—the question of whether "an alien [] has effected an entry into the United States," which, if answered in the affirmative, changes "the legal circumstances" for aliens regardless of "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Because the "entry fiction" doctrine applies to aliens who, like Petitioner, *see* Dkt. No. 8-4 at 3, Dkt. No. 34 at 2, are "allowed within its borders pending a determination of admissibility" and are thus "legally considered to be detained at the border and hence as never having effected entry into the country," there is no substantive due process violation absent evidence that the detention

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

1

"is imposed for the purpose of punishment." *Gisbert v. U.S. Attorney General*, 988 F.2d 1437, 1440-41 (5th Cir. 1993). And if the entry fiction applies to a petitioner, that petitioner is "entitled only to those due process rights as are provided by law," which is to say "by Congress"—by statute. *Id.* at 1442-43. Because the Court finds no intent to punish Petitioner, Petitioner possesses no extra-statutory due process rights that have been violated here.

Petitioner, however, retains a statutory claim: "that 8 U.S.C. § 1225(b)(1) does not apply to Petitioner." Dkt. No. 29 at 4.  This report agrees. As § 1225 makes clear, only (b)(1) or (b)(2) can apply on a given detainee—not both. 8 U.S.C. § 1225(b)(2)(B)(ii) (stating that mandatory detention under § 1225(b)(2) "shall not apply to an alien…to whom paragraph (1) applies").

Textually, § 1225(b)(1) is the wrong fit. Even though it applied to Petitioner upon his initial entry, it cannot be said that he is still "arriving," as required by § 1225(b)(1)(A); that he has been in the United States for under than two years, as required by § 1225(b)(1)(A)(iii); or that he is still subject to the procedures in § 1225(b)(1)(B), which only contemplate onboarding from those two circumstances. *See* § 1225(b)(1)(B)(i) ("An asylum officer shall conduct interviews of aliens *referred under subparagraph (A)(ii)*") (emphasis added); § 1225(b)(1)(A)(ii) ("If an immigration officer determines that an alien…who is arriving in the United States or is described in clause (iii) is inadmissible…"). The record instead reflects that Petitioner was released "[i]n accordance with section 236 of the Immigration and Nationality Act"—*i.e.*, under § 1226—after which he was no longer tethered to the § 1225(b)(1) procedures. Dkt. No. 8-5. Respondents cite no compelling authority for the proposition that, once abandoned, § 1225(b)(1) detention authority can spring back to life in a case such as this, where an alien has been present in this country for years, has a credible fear interview after those years in the interior, and is subjected to a second and distinct period of detention. *See* Dkt. No. 35 at 4. Whatever Respondents think of his previous release, it "does not justify transforming the nature of the authority conferred" by § 1225(b)(1). *Biden v. Texas*, 597 US 785, 804 (2022).

This report instead finds § 1225(b)(2) authorizes Petitioner's detention. Although Petitioner may have been plucked from § 1225(b)(1) proceedings under § 1226, *see* Dkt. No.

8-5, this does not change the fact that, statutorily, he fits within the category of an "applicant for admission," which the Fifth Circuit effectively recognizes as sufficient to trigger § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). True, Respondents could apply § 1226 to Petitioner's detention, and they have, to Petitioner's point, treated him under that statute in his initial release. *See* Dkt. No. 43 at 10. But this does not displace or foreclose the use of § 1225(b)(2) since, per the Fifth Circuit's recent findings, § 1226 and § 1225(b)(2) apply concurrently to aliens in petitioner's position. *See Buenrostro-Mendez*, 166 F.4th at 506. § 1225(b)(2), then, is still on the table, and Respondents are within their rights to choose it. *Id.*

It is therefore recommended that the Court (1) **GRANT** the Petition (Dkt. No. 29) in part and **DENY** it in part, (2) and **DENY** the MTD (Dkt. No. 15) as moot, (3) **ORDER** Respondents to cease using 8 U.S.C. § 1225(b)(1) as a basis to detain Petitioner, and (4) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*,

875 F.3d 243, 248 (5th Cir. 2017).

Signed on May 7, 2026.

Karen Betancourt
United States Magistrate Judge